IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM E. FRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-00808-CV-W-FJG |
| | ) |
| JOHN E. POTTER, Postmaster General, et. al, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before this Court is plaintiff's application for leave to file a civil action in forma pauperis (Doc. No. 1). Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit. In Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

The district court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983), cert. denied, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Plaintiff's financial affidavit reveals that he single with four dependents who reside with him, which includes his mother, sister, brother, and 14-year-old daughter. Plaintiff states that he does not own any real property nor does he own an automobile. Plaintiff further states that he receives food stamps, but fails to state the amount he receives in food stamps. Plaintiff indicates his monthly expenses include $460 per month in groceries, $400 per month in child support payments, and $100 per month for a postal services loan.

Based upon the information provided in plaintiff's affidavit, the Court cannot grant plaintiff's motion to proceed in forma pauperis at this time due to information absent from his affidavit. Thus, the Court needs the following information from plaintiff before it can grant or deny plaintiff's motion:

1. It is unclear whether plaintiff is still working at United States Postal Services as a casual clerk and mail handler. Plaintiff needs to clearly state whether he is still currently employed at the United States Postal Service or at any other establishment. If plaintiff is still currently employed, plaintiff must also state his weekly and monthly net income, and

2. Plaintiff needs to state what amount he receives monthly in food stamps.

Therefore, the Court hereby orders plaintiff to supplement his financial affidavit with the above information and to file the supplemental affidavit with the Court by no later than **Tuesday, November 20, 2007.** Accordingly, the Court shall **PROVISIONALLY DENY** plaintiff's application for leave to file this civil action in forma pauperis (Doc. No. 1).

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

William E. Fry
2708 Brooklyn
Kansas City, MO 64109

**IT IS SO ORDERED.**

Date: 11/13/07          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
          Chief United States District Judge